**Ann BURKE, Plaintiff,**

v.

**Luciano RAYMUNDO, M.D., Defendant.**

**No. H 78–385.**

United States District Court,
N. D. Indiana,
Hammond Division.

Sept. 13, 1982.

James E. Land, Calumet City, Ill., Donald Gray, Whiting, Ind., for plaintiff.

Jon Schmoll of Spangler, Jennings, Spangler & Dougherty, Merrillville, Ind., for defendant.

ORDER

MOODY, District Judge.

This cause is now before the Court on a Motion to Vacate Order of Dismissal and for Reinstatement filed by the plaintiff, by counsel, on May 6, 1982. By said motion, plaintiff asks that the order of dismissal entered on April 29, 1982, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure be vacated and the cause be reinstated. The record of proceedings herein which have given rise to the plaintiff's current motion can be summarized as follows:

(1) Complaint filed by the plaintiff on October 2, 1978;

(2) Defendant filed a Motion to Dismiss on January 26, 1979, to which the plaintiff filed no response;

(3) The Court conducted a hearing on the Motion to Dismiss on September 14, 1979, to which plaintiff's counsel failed to appear;

(4) By order of Court entered on September 25, 1979, the defendant's Motion to Dismiss was held in abeyance, and the plaintiff was permitted thirty days leave of Court in which to comply with the Indiana Medical Malpractice Act at Ind. Code Ann. § 16–9.-5–9–2 (Burns);

(5) There being no action taken by the plaintiff in regard to the matters stated in Item 4, the case was referred to the under-

signed, then-acting United States Magistrate, for pretrial proceedings and conferences, by order of reference entered on September 2, 1980;

(6) At a duly noticed status conference conducted before the Magistrate on October 2, 1980, the plaintiff was ordered to file on or before October 31, 1980, a status report of the state administrative proceedings regarding this case;

(7) On November 3, 1980, the plaintiff's counsel filed the aforementioned ordered status report which stated that:

The parties have agreed that William R. O'Connor be the Chairman of the Medical Review Panel and he has agreed to so serve. The plaintiff has tentatively selected Dr. Mintz of Munster and the defendant has tentatively selected Dr. Bonjean of Merrillville. The plaintiff has collected the x-rays for reproduction by the defendant, and the defendant is to turn over copies of Dr. Raymundo's records. Since Dr. Mintz will be on vacation for approximately three weeks, it is requested that this matter be continued for status for approximately sixty (60) days for selection of the third medical panelist, or in the event the above selections do not materialize.

(8) By order of the Court entered on October 7, 1981, the parties were to either settle the case or file a status report with the Court by December 1, 1981; to said order, the plaintiff filed no response;

(9) By order of Court entered on March 29, 1982, the parties were to confer and prepare a Joint Status Report of the case and file the same by April 19, 1982, and to appear before the Court on April 22, 1982 for a Status Call;

(10) On April 22, 1982, plaintiff's counsel failed to appear at the duly noticed Status Call conducted before this Court; additionally, the Court received no Joint Status Report from the parties;

(11) By order of Court entered on April 29, 1982, the above-entitled cause of action was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to the conduct of plaintiff's counsel in disregarding prior orders of this Court. By the same order, the parties were given leave to file a motion to set aside the dismissal within ten (10) days after receipt of the same, showing good cause why the dismissal should not be entered.

By the current Motion to Vacate, plaintiff's counsel represents that he experienced a scheduling conflict on April 22, 1982 as between this Court's Status Call and a hearing of the Medical Review Panel convened pursuant to the statutory requirements of the Indiana Medical Malpractice Act. It is represented by counsel that the scheduling conflict on April 22, 1982 as between this Court's Status Call and a hearing of the Medical Review Panel convened pursuant to the statutory requirements of the Indiana Medical Malpractice Act. It is represented by counsel that the scheduling conflict was "neglected to be noted". Plaintiff's counsel asks that the case be reinstated and that any sanctions warranted by his oversight be imposed against him and not the plaintiff.

In response to the Motion for Reinstatement, the defendant has raised three objections: (1) that the conduct of the plaintiff's counsel throughout the proceedings at bar warrant dismissal of this cause of action as against the plaintiff's claim; (2) that the plaintiff's cause of action is barred by the plaintiff's failure to fulfill the conditions precedent to suit as required under the Indiana Medical Malpractice Act at Ind.Code Ann. § 16–9.5–9–2 (Burns); and (3) that the plaintiff's cause of action is barred by the appropriate statute of limitations contained in the Indiana Medical Malpractice Act at Ind.Code Ann. § 16–9.5–3–1 (Burns).

In light of the fact that the basis of this Court's conditional dismissal of this cause of action on April 29, 1982 was the failure of plaintiff's counsel to give timely regard to the past orders of this Court, it would appear that the defendant's objections (2) and (3) deal with issues beyond the subject matter of the pending motion for reinstatement. While being appreciative of the defendant's efforts toward judicial economy in the disposition of a case which has been

pending before the Court for approximately three and one-half years, the Court is of the opinion that the issues of whether or not the plaintiff herein satisfied all conditions precedent to suit and filed her cause of action within the time period allowed by the applicable statute of limitations are issues which require a separate presentation to this Court and full briefing by the parties pursuant to the provisions of Rule 7(b) of the United States District Court for the Northern District of Indiana. The defendant is, therefore, invited to resubmit these issues to the Court in a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Turning to the defendant's remaining objection regarding the conduct of plaintiff's counsel, the defendant directs the Court's attention to the Supreme Court decision in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Link,* the Supreme Court affirmed the dismissal of a suit under Rule 41(b) of the Federal Rules of Civil Procedure for lack of diligence on the part of plaintiff's counsel. Six years after commencement of the suit and after two continuances, the trial judge scheduled a pretrial conference. On the appointed day the attorney for the plaintiff telephoned the judge's chambers and informed the judge's secretary that he would be unable to be present at the scheduled time because he was working on papers to be filed with the Illinois Supreme Court. At the pretrial conference, the judge reviewed the history of the litigation and dismissed the case *sua sponte* for failure to prosecute and appear for the pretrial conference. The defendant contends that "[t]he conduct of counsel in the *Link* case pales at the conduct of counsel in the case at bar." In support of this contention and in addition to the previous observations of this Court as to the chronology of events in this case, the defendant refers to the fact that by order of this Court entered on September 25, 1979, the plaintiff was given thirty (30) days in which to fulfill the conditions precedent to suit required by the Indiana Medical Malpractice Act at Ind. Code Ann. § 16–9.5–9–2 (Burns) and that the plaintiff did not, in fact, initiate proceedings in accordance with the statute until November 27, 1979. This fact is evidenced by a copy of a letter from counsel for the plaintiff to the Insurance Commissioner of the State of Indiana dated December 11, 1979, which is submitted as defendant's Exhibit "A" to the Motion in Opposition filed on July 27, 1982, and remains unrefuted on the record as plaintiff's counsel makes no reference to nor excuse for the delay in either the motion for reinstatement or the reply brief.

Although the Court finds the defendant's objection to the conduct of plaintiff's counsel to be well-taken to the extent that plaintiff's counsel has indeed made little or no effort to keep this Court advised of the relevant state proceedings herein until ordered to do so by the Court on October 2, 1980, of equal interest to this Court is the fact that defendant's counsel filed no motion for an involuntary dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure nor any other objection of record as to these delays until July 27, 1982—some thirty-three months after the plaintiff's initial delay became apparent of record. Moreover, unlike the circumstances present in the *Link* case, wherein the Court indicated that its decision would have been different had plaintiff's counsel filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure with "a more adequate explanation for the absence ... from the pretrial conference," *id.* at 635, 82 S.Ct. at 1391, plaintiff's counsel in the case at bar *has* offered an explanation of his conduct in the current motion for reinstatement which is in the nature of a Rule 60(b)(1) motion for relief from judgment.

Accordingly, plaintiff's counsel having provided this Court with an adequate explanation of his absence from the Status Call conducted on April 22, 1982, the Court now ORDERS that the plaintiff's Motion to Vacate Order of Dismissal and for Reinstatement be and the same is hereby GRANTED. The defendant is given leave to file a motion for the imposition of such lesser

sanctions as costs or attorney's fees against plaintiff's counsel in the event that his conduct results in any further unnecessary delay in these proceedings.

This cause will be set for a preliminary pretrial conference at this Court's earliest convenience.